AMERICAN NATIONAL ASSOCIATION OF THE RED CROSS, Plaintiff and Appellant, v. EUGENIO CARLOS DE HOSTOS ET AL., Defendants and Appellees.

No. 4049. Argued January 31, 1928.—Decided February 24, 1928.

*Dubón & Ochoteco* for the appellant.    *Fernando B. Fornaris* for the appellees.

Mr. Justice Wolf delivered the opinion of the court.

The automobile of the complainant was coming from the east on Loíza street.   The automobile of the defendants was coming from the south on De Diego avenue.   There was a collision and the car of the complainant was driven into a post on the northwest corner of the intersection of the two streets and damaged.   The complainant brought suit for negligence and claimed $525.   The District Court of San Juan decided in favor of the defendants and the case is duly before us on appeal.

The court found the evidence confusing and contradictory. The witnesses of each of the parties charged the other with driving with an undue and reckless speed.   Nevertheless the court found from the testimony of the complainant's own chauffeur that on approaching the crossing he did not reduce his speed, and recited that in her deposition Mrs. de Hostos said that the said chauffeur increased his speed because he thought he could get by.   The chauffeur was laboring under the impression that the accident was due to the fact that the other automobile did not stop when under a duty to do so.   The deposition of Mrs. de Hostos, furthermore, was that the automobile of the complainant was coming along like a streak of lightning.   Despite the differences in the testimony, the court believed the deposition of Mrs. de Hostos.

The court held that both chauffeurs were negligent because neither of them at the crossing took due precautions. Among other things, the court said that the chauffeur of the defendants was wrong in turning to the left to avoid the collision.   Turning to the left to avoid an accident by itself could scarcely constitute negligence, for it would be an act

in an emergency. What the court probably meant to decide was that each of the chauffeurs should have decreased his speed on approaching this crossing. The court held that the obligation to take care at a crossing was not a duty imposed solely on one of the parties, but that it was mutual.

The theory of the appellant was that he reached the crossing first and therefore he had the right of way. We have the idea from the evidence that at a given moment before the collision if each of the cars had been going at the same rate of speed the car of the defendants would have arrived at the crossing first. It certainly could not be the law anywhere that where parties have an equal right on approaching a crossing, either, by hastening his speed, can oblige the other to halt.

However, it is not the law in Porto Rico that because a person would probably arrive at a crossing first he has a right to rely on anyone else halting; nor that he would not be guilty of contributory negligence when under these conditions he attempts to make the crossing rapidly.

On the contrary, even if one has clearly the right of way he must approach a crossing with care and with a degree of speed sufficiently low to avoid an accident. If the chauffeur of the complainant had been going at a moderate pace then his contention might be sound, but the court's finding and the evidence is against the complainant on this point. The applicable jurisprudence may be found beginning with 42 Corpus Juris, 960, and more especially for later cases a note in 37 A.L.R. 509, supplementing an annotation in 21 A.L.R. 988. To quote the text of the note: "The mere fact that one vehicle has the right of way over another at a street or highway intersection does not relieve the driver of the vehicle thus favored from the duty of exercising due care to avoid collision at the intersection."

The judgment appealed from will be affirmed.